UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY NOWELL BLALOCK,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:21-cv-00144-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF No. 18, 21) |

This matter is before the Court on Plaintiff Rodney Nowell Blalock's ("Plaintiff") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 8, 10, 11).

The matter was taken under submission on the parties' briefs without a hearing. Having reviewed the record, the administrative transcript, the parties' briefs, and the applicable law, the Court finds as follows.

**I.   DISCUSSION**

Plaintiff argues that the Administrative Law Judge ("ALJ") erred in rejecting the opinion evidence from Plaintiff's treating and examining physicians, specifically Gilbert Lang, M.D. and

1

Toby Johnson, M.D.

### A.     Legal Standards

In this circuit, courts distinguish the opinions of three categories of physicians: (1) treating physicians; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither examine nor treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). In general, the opinion of a treating physician is afforded the greatest weight. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(2); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Further, an examining physician's opinion is given more weight than the opinion of non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The Ninth Circuit has held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill,* 871 F.3d 664, 675 (9th Cir. 2017).[1]

The Court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. §

---

[1] The Social Security Administration has adopted new rules applicable to claims filed after March 27, 2017, which revise the rules regarding evaluation of medical opinions. However, these revisions do not apply to Plaintiff's claim, which was filed one day before the new regulations went into effect.

405(g); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Coleman v. Saul,* 979 F.3d 751, 755 (9th Cir. 2020) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul,* 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation," the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

The opinions of Dr. Lang and Dr. Johnson were contradicted by the opinion of Dr. Mehdi and state agency consultants. Thus, the Court looks to whether ALJ provided specific and legitimate reasons supported by substantial evidence to reject their opinions.

**B.    Dr. Lang's opinion**

Dr. Lang performed a consultative examination in relation to Plaintiff's workers' compensation claim on February 20, 2008 and wrote a medical opinion on March 11, 2008. (A.R. 347-370). Dr. Lang interviewed Plaintiff, reviewed medical records, and conducted several objective tests.

The ALJ found as follows regarding Dr. Lang's opinion:

> Gilbert Lang, M.D., opined for a Worker's Compensation claim that the claimant was temporarily totally disabled "until at least two months following his cast removal" (6F/9). The statement indicating the claimant is "disabled" is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any deference (20 CFR 404.1527(e)(1)(3). Furthermore, the standards for Worker's Compensation are different from the Agency, and therefore have little utility. Lastly, the opinion is only for a short duration and since is not a function-by-function analysis the opinion has little utility in formulating a longitudinally appropriate residual functional capacity. Therefore, it is given little weight.
>
> . . .
>
> Dr. Lang, also opined specifically that he is able to reach overhead but cannot do any significant lifting on his left. He also stated he has lost 75% of his lifting ability and is precluded from forceful grasping (6F/10). The undersigned gives this partial weight. First, this opinion is inconsistent with Dr. Mehdi's opinion, that the claimant can perform light exertion work with his left upper extremity (5F/3). However, the undersigned did limit the claimant's pushing and pulling with his left

3

> upper extremity in light of his slightly diminished strength in his left upper extremity (5F). He also had good reflexes and sensation to light touch, which is inconsistent with such extreme limitations (5F). Therefore, the opinion is given partial weight.
>
> Dr. Lang opined the claimant has a 21% whole person impairment for Worker's Compensation (7F/72). Clearly, the standards for Worker's Compensation are different from the Agency, and therefore have little utility. Therefore the opinion is given little weight.
>
> There are several forms signed by a doctor with an illegible signature indicating that the claimant should be off work (3F and 7F). These are given little weight. First, the statement indicating the claimant is "disabled" is not a medical opinion, but rather an administrative finding dispositive of a case. These issues are reserved to the Commissioner, and as such are not entitled to any deference (20 CFR 404.1527(e)(1)(3). Also, they are not supported by any explanation, and since there is no function-by-function analysis the opinion has little utility in formulating a longitudinally appropriate residual functional capacity. Therefore, the opinions are given little weight.

(A.R. 29).

The ALJ's reasoning that the conclusion as to disability is reserved for the Commissioner, especially in light of the differing standards for Worker's Compensation claims, is valid. However, this alone is not a reason to disregard the rest of the medical opinion, including the functional limitations given.

The ALJ's second reason for the weight given is that "the opinion is only for a short duration." (A.R. 29). The ALJ does not cite support for this statement. This reason is not supported by substantial evidence. Dr. Lang's opinion stated "I would recommend that he be seen again by his orthopedist and a possible proximal row carpectomy or fusion might well significantly improve his function. Without surgical intervention I would not expect any improvement." (A.R. 358) Dr. Lang also checked the box "yes" in response to the question "Is there a permanent disability?" (A.R. 367).

The ALJ also repeatedly gave the reason that "there is no function-by-function analysis the opinion has little utility in formulating a longitudinally appropriate residual functional capacity." (A.R. 29) This is not supported by substantial evidence. Dr. Lang's opinion included specific functional limitations, in particular:

4

> Mr. Blalock is essentially able to do no pushing. He has lost at least three-quarters of his pulling ability. He is able to reach overhead, but he cannot do any significant lifting. He is precluded from repetitive activities. He has lost at least three-quarters of his lifting ability. He is also precluded from repetitive and forceful grasping, as well as torquing activities.

(A.R. 356).

The ALJ also stated that "this opinion is inconsistent with Dr. Mehdi's opinion, that the claimant can perform light exertion work with his left upper extremity." (A.R. 29). Earlier in the ALJ's opinion, the ALJ summarized Dr. Mehdi's opinion as follows:

> In February 2008, the claimant underwent an examination where he alleged ongoing left wrist pain following a fall from a ladder while working on November 15, 2005. The claimant alleged limited ability to use his left hand because of pain that increased with pain. He did not state his pain was constant, but occurred occasionally. He also stated that he did not have "much" strength in his left hand and cannot do anything with his left hand. The claimant admitted he was not seeking treatment at that time. His exam revealed normal range of motion in both his left and right upper extremities and wrists. The claimant's scars on his left hand from his surgery appeared well healed. He also had normal motor strength and had at least 4/5 strength in his left upper extremity. It was also noted the claimant demonstrated poor effort and takeaway strength. He also had normal reflexes and intact sensation to light touch (5F). Orthopedist Abbas Mehdi, M.D. opined the claimant could perform light exertion work, including with the left upper extremity (5F/3). The undersigned gives this partial weight because limitations on postural and manipulative activities are warranted.

(A.R. 28).

The record confirms that Dr. Mehdi did perform an examination of Plaintiff in the same month as Dr. Lang's examination and did opine that Plaintiff could "lift and carry 20 pounds occasionally and 10 pounds frequently with the left upper extremity." (A.R. 343). However, Dr. Mehdi's examination also revealed substantially diminished extension and flexion in the left wrist. (A.R. 342) (showing results of 30 out of 60 for extension and flexion of left wrist)). Notably, the ALJ does not summarize this finding. Additionally, the examination revealed that hand grip strength in the left wrist was also substantially diminished. (A.R. 343 ("Hand Grip Strength . . . Right: 120-130-130, Left: 20-20-25")). The ALJ also did not summarize this finding, although the ALJ correctly notes that Dr. Mehdi stated that "the claimant had poor effort and giveaway weakness . . . Exact muscle strength could not [be] evaluated. He did produce at

5

least 4/5 strength on the left side." (A.R. 343). Additionally, Dr. Mehdi stated that "Exertional limitations include pushing and pulling with the left upper extremity." (A.R. 343). The ALJ did not include that conclusion in its summary of Dr. Mehdi's finding either. Additionally, the ALJ did not provide any specific analysis or comparison of the conclusions, besides stating that they were contradictory. Thus, although there is some support for the ALJ's reasoning here, there are also multiple contrary statements that were not noted by the ALJ, and Dr. Mehdi's objective results appear generally consistent with Dr. Lang's opinion.

Finally, the ALJ stated that Dr. Lang's opinion was contradicted by the fact that Dr. Mehdi found Plaintiff "had good reflexes and sensation to light touch." (*See* A.R. 29). However, the ALJ does not explain why reflexes and sensation contradict Dr. Lang's findings regarding wrist functionality.

Upon review, the Court finds that the ALJ's reasons given for giving little weight to Dr. Lang's opinion regarding functional limitations are not supported by substantial evidence.

### C. Dr. Johnson

Plaintiff also challenges the weight given to Dr. Johnson's opinion, who treated Plaintiff after his injury in 2005 and also after surgery in 2006. The ALJ stated the following regarding Dr. Johnson's opinion:

> Toby Johnson, M.D. opined the claimant should not perform any lifting for one month following removal of his cast (7F/42). This is given little weight. The opinion is only for a short time, so it has little utility for a durationally significant residual functional capacity. Also, since there is no function-by-function analysis the opinion has little utility in formulating a longitudinally appropriate residual functional capacity. Therefore, the opinion is given little weight.

(A.R. 29).

The underlying record confirms that Dr. Johnson's opinion regarding a lifting restriction is limited in time to one month. The relevant record from July 25, 2006 stated "He may begin using his thumb. He should not perform any lifting. I would like to see him back in one month's time." (A.R. 413). Moreover, the record from the following month does not include this restriction, and instead states under "Plan": "he is happy with his treatment. We will see him back after the CT scan is completed." (A.R. 416).

Accordingly, the ALJ's reason for weight given to Dr. Johnson's opinion is specific and legitimate and supported by substantial evidence.

## II.     CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED[2] for further administrative proceedings consistent with this decision.

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:   **May 19, 2022**                          /s/ Eric P. Groj
                                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff requests remand for further administrative proceedings.